UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEFFY HOLLEY,                                                                   Case No. 15 CV 1202
                        Plaintiff,                           (ILG) (MDG)

      -against-                                                          **SECOND AMENDED**
                                                                                    **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE
JAMES WALSH [SHIELD # 1303],                                         **JURY DEMAND**
DETECTIVE BRIAN MARTIN [SHIELD
# 6991], P.O. RAILYING FRIAS [SHIELD
# 30952], UC # 209, UC # 217, SERGEANT
FRANCIS [TAX REG. # 933784],
LIEUTENANT BUCHANAN, DETECTIVE
LASKY, DETECTIVE REMY, DETECTIVE
MENO, P.O. JORGE SANABRIA [SHIELD
# 27752], P.O. JOHNATHAN TAVERAS
[SHIELD # 30195], SERGEANT OSCAR
PAREDES [SHIELD # 3930], and JOHN
DOE and JANE DOE #1-8 (the names
John and Jane Doe being fictitious, as the
true names are presently unknown),
                              Defendants.
------------------------------------------------------------------------X

Plaintiff, JEFFY HOLLEY, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective James Walsh [Shield # 1303], Detective Brian Martin [Shield # 6991], P.O. Railying Frias [Shield # 30952], UC # 0209, UC # 217, Sergeant Francis [Tax Reg. # 933784], Lieutenant Buchanan, Detective Lasky, Detective Remy, Detective Meno, P.O. Jorge Sanabria [Shield # 27752], P.O. Johnathan Taveras [Shield # 30195], Sergeant Oscar Paredes [Shield # 3930], John Doe and Jane Doe #1-8 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments

to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective James Walsh [Shield # 1303] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant Detective Brian Martin [Shield # 6991] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant P.O. Railying Frias [Shield # 30952] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant UC # 209 was at all times material herein an undercover police officer employed by the NYPD. UC # 209 is named here in his/her official and individual capacities.

11. Defendant UC # 217 was at all times material herein an undercover police officer employed by the NYPD. UC # 217 is named here in his/her official and individual capacities.

12. Defendant Sergeant Francis [Tax Reg. # 933784] was at all times material herein a sergeant employed by the NYPD. S/he is named here in his/her official and individual capacities.

13. Defendant Lieutenant Buchanan was at all times material herein a lieutenant employed by the NYPD. S/he is named here in his/her official and individual capacities.

14. Defendant Detective Lasky was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

15. Defendant Detective Remy was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

16. Defendant Detective Meno was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

17. Defendant P.O. Jorge Sanabria [Shield # 27752] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

18. Defendant P.O. Johnathan Taveras [Shield # 30195] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

19. Defendant Sergeant Oscar Paredes [Shield # 3930] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

20. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

21. Defendants Walsh, Martin, Frias, UC # 209, UC # 217, Francis, Buchanan, Lasky, Remy, Meno and John Doe and Jane Doe are collectively referred to herein as "Walsh defendants".

22. Defendants Sanabria, Taveras, Paredes and John Doe and Jane Doe are collectively referred to herein as "Sanabria defendants".

23. Walsh and Sanabria defendants are collectively referred to herein as "defendant officers".

24. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The November 25, 2013, Incident

25. On or about November 25, 2013, at approximately 3:00 p.m., Walsh defendants, acting in concert, arrested the plaintiff without cause at or near the corner of Pitkin and Christopher Avenues, Brooklyn, New York, and charged plaintiff with PL 220.39 'Criminal sale of a controlled substance in the third degree', among other charges.

26. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

27. Prior to the November 25, 2013 arrest, plaintiff went into a deli that is located at the aforesaid arrest location to buy food.

28. After buying food for his lunch, plaintiff stepped out of the deli.

29. As soon as plaintiff stepped out of the deli, he was accosted by Walsh defendants who immediately arrested the plaintiff and tightly handcuffed him with his hands placed behind his back.

30. Walsh defendants then subjected the plaintiff to an illegal and warrantless search with Walsh defendants pushing, shoving, kicking and grabbing the plaintiff.

4

31. Even though Walsh defendants did not find any contraband on the plaintiff, Walsh defendants nonetheless forcibly pushed the plaintiff into their police vehicle.

32. Eventually, Walsh defendants transported plaintiff to the NYPD-75th Precinct.

33. While at the precinct, Walsh defendants further subjected the plaintiff to strip/body cavity searches.

34. Walsh defendants still did not recover any contraband from their illegal and warrantless search of the plaintiff.

35. After detaining the plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment.

36. While plaintiff was awaiting arraignment, Walsh defendants met with prosecutors employed by the Kings County District Attorney's Office.

37. During this meeting, Walsh defendants falsely stated to the prosecutors, among other things, that the plaintiff engaged in the sale of a controlled substance.

38. Based on the false testimony of Walsh defendants, the prosecutors initiated criminal actions against the plaintiff.

39. Following plaintiff's arraignment, bail was set to secure his release.

40. Because plaintiff could not make bail, plaintiff was transported to Rikers Island, and was incarcerated at said facility for several days.

41. Eventually, after several days of incarceration, plaintiff's relatives posted bail on his behalf.

42. Following his release on bail, plaintiff was required to return to the criminal court to defend the false charges levied against him.

43. On or about May 30, 2014, plaintiff appeared at the criminal court as he was directed but was informed that the false charges levied against him had been dismissed.

The May 18, 2014, Incident

44. On or about May 18, 2014, at approximately 1:30 a.m., Sanabria defendants, acting in concert, arrested the plaintiff without cause on Bristol Street, between Pitkin and Sutter Avenues, Brooklyn, New York, and charged plaintiff with PL 120.05(3) 'Assault in the second degree', among other charges.

45. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

46. Prior to the May 18, 2014 arrest, plaintiff and his brother, Tony Holley, were at a party when Sanabria defendants suddenly appeared and directed the host to turn down the music.

47. Shortly thereafter, Sanabria defendants began to assault a female named Regina Tucker and her male companion named Bernard Worrell who were at the party.

48. While the assault was going on, plaintiff's brother attempted to record the incident with his cell phone.

49. Sanabria defendants immediately attacked the plaintiff's brother by grabbing, shoving, pushing, pulling, kicking and hitting him.

50. Fearing for his brother's safety, plaintiff politely requested Sanabria defendants to end the assault.

51. Sanabria defendants then attacked the plaintiff the moment he requested them to leave his brother alone.

52. Sanabria defendants proceeded to forcibly push, pull, kick, hit and stomp all over the plaintiff causing the plaintiff to sustain serious bodily injuries.

53. Eventually, Sanabria defendants arrested the plaintiff and tightly handcuffed the plaintiff with his hands placed behind his back.

54. After tightly handcuffing the plaintiff, Sanabria defendants forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to the NYPD-73rd Precinct.

55. Because of his injuries, the plaintiff requested to be transported to the hospital for medical care and attention.

56. Sanabria defendants ignored plaintiff's entreaties for medical care and attention.

57. After detaining the plaintiff for a lengthy period of time at the precinct, Sanabria defendants transported plaintiff to the Central Booking to await arraignment.

58. While plaintiff was awaiting arraignment, Sanabria defendants met with prosecutors employed by the Kings County District Attorney's Office.

59. During this meeting, Sanabria defendants falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offenses.

60. Based on the false testimony of Sanabria defendants, a prosecution was commenced against plaintiff.

61. Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

62. On or about February 9, 2015, the false charges levied against plaintiff were summarily dismissed.

63. Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

64. Each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

65. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

66. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

67. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. The conduct of defendant officers, as described herein, amounted to false arrest.

69. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

70. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

71. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. The conduct of defendant officers, as described herein, amounted to excessive use of force.

73. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

74. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. Defendant officers unlawfully retaliated against the plaintiff for exercising his First Amendment rights as described above.

77. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

78. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

79. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

81. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

82. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

83. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

84. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

86. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

87. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

88. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

90. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

91. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

92. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: STRIP/BODY CAVITY SEARCHES & UNREASONABLE SEARCH & SEIZURE - against defendant officers

93. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

94. The conduct of defendant officers, as described herein, amounted to unreasonable search & seizure.

95. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

96. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK - against defendant officers

97. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

99. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

100. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against Sanabria defendants

101. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102. Sanabria defendants denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

103. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

104. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of Sanabria defendants, individually and severally.

TENTH CAUSE OF ACTION: DISCRIMINATION, DENIAL OF EQUAL PROTECTION OF THE LAWS AND DENIAL OF DUE PROCESS RIGHTS - against defendant officers

105. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. The conduct of defendant officers, as described herein, amounted to discrimination, denial of equal protection of the laws and denial of due process rights.

107. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

108. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

109. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

111. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

112. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

113. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114. In an effort to find fault to use against the plaintiff, defendants officers met with several other individuals and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

115. The conduct of defendant officers, as described herein, amounted to conspiracy.

116. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

117. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

118. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

119. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or

        usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

120. Additionally, defendant City of New York, acting through Kenneth P. Thompson and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

121. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

122. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

123. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and

that it had settled at least one of the lawsuits brought against it concerning racial profiling.

124. In *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

125. Additionally, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

126. Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

127. In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics and/or illegal drugs. According to Detective Anderson, this practice "was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

128. Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective

"you still have a number [of arrests] to reach while you are in the narcotics division."

129. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

130. Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

131. Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

132. Recently, the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions. Judge Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed."

133. Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v. Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that

16

[any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure."

134. In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but not limited to falsifying police reports, perjury, corruption, robbery, gun running, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein.

135. In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-73rd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

136. Most of the arrests and charges made by officers assigned to the NYPD-73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

137. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-73rd Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Anthony Holley v. City of New York* (14 CV 4403); *Annette Young v. City of New York* (14 CV 55); *Diane Dawson v. City of New York* (13 CV 180); *Ramel King v. City of New York* (12 CV 4322); *Tyquan Myrick v. City of New York* (12 CV 2411); *Robert Stephens v. City of New York* (12 CV 1825); *Ramel King v. City of New York* (12 CV 1824); *Paul Lewis v. City of New York* (12 CV 1323); *Jermaine Tolbert v. City of New York* (12 CV 537);

> *Anthony Holley v. City of New York* (12 CV 259); *Jermaine Tolbert v. City of New York* (11 CV 4871); *Geneeza Walls v. City of New York* (10 CV 5769).

138. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

139. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

140. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>FOURTEENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

141. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 140 of this complaint as though fully set forth herein.

142. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) &

        Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

143. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

144. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

145. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

<u>FIFTEENTH CAUSE OF ACTION: TORTS - against defendants</u>

146. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 145 of this complaint as though fully set forth herein.

147. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, unreasonable search and seizure, unreasonable detention, assault and battery, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, malicious prosecution, negligent and intentional infliction of emotional distress and negligent hiring and retention of employment services.

148. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       August 17, 2016

                      UGO UZOH, P.C.

                      /s/

                _____

        By:    Ugochukwu Uzoh (UU-9076)
               Attorney for the Plaintiff
               304 Livingston Street, Suite 2R
               Brooklyn, N.Y. 11217
               Tel. No: (718) 874-6045
               Fax No: (718) 576-2685
               Email: u.ugochukwu@yahoo.com